UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Patrick Orr,  )
      Petitioner,  )
       ) No. 20 CV 50069
v.  ) Judge Iain D. Johnston
       )
Andrew Ciolli,[1]  )
      Respondent.  )

## MEMORANDUM OPINION AND ORDER

Petitioner Patrick Orr seeks to vacate his conviction for being a felon in possession of a firearm, or allow him to withdraw his guilty plea and proceed to trial. Specifically, he contends that his guilty plea was not knowing and voluntary because he did not realize at the time that the government was required to prove that he knew he was a felon. For the reasons that follow, his petition [1] and motion for counsel [20] are denied.

## Background

On July 18, 2010, an officer with the Mobile, Alabama police department spotted a stolen vehicle. Presentence Investigation Report (Dkt. 18) at 3. The officer attempted to stop the vehicle, but the driver fled. *Id.* A high-speed chase ensued, which ended when the vehicle hit another car, became airborne, struck a utility pole, and landed on its roof. *Id.* at 3-4. The driver was petitioner Patrick Orr, who then attempted to flee on foot. *Id.* Officers saw Mr. Orr throw an object as he ran, and were eventually able to tackle him and take him into custody. *Id.* A search of his person revealed a small pistol in his back pocket, and a search of the area where Mr. Orr threw the object turned up a large-frame revolver. *Id.*

Mr. Orr was charged with a single count of being a felon in possession of a firearm, and on September 24, 2010, he pleaded guilty. *United States v. Orr*, No. 10 CR 175 (S.D. Ala.) at Dkt. 13. In the PSR, his probation officer calculated a total offense level of 17, a criminal history category of V, and a sentencing range of 46 to 57 months. PSR at 25. It is not clear from the criminal docket what guidelines range the sentencing judge adopted, but on January 12, 2011, she ultimately sentenced Mr. Orr to 60 months' imprisonment followed by 3 years' supervised release. *Orr*, No. 10 CR 175 (S.D. Ala.) at Dkt. 21. Mr. Orr did not appeal, *id.* at Dkt. 20, and a search of the Southern District of Alabama docketing system revealed no post-conviction motions filed there, such as a motion under 28 U.S.C. § 2255.

The Court notes that even though Mr. Orr was sentenced in 2011 to five years' imprisonment, and nothing on his criminal docket indicates that he violated the terms of his supervised release or that his sentence was otherwise extended, he remains in federal custody

---

[1] The warden of AUSP Thomson is now Andrew Ciolli. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant to this suit.

with a release date of July 12, 2037. As the government notes, later in 2011 a district judge in Texas sentenced Mr. Orr to 188 months for bank robbery and 120 months for use of a firearm during the commission of a violent crime, to be served consecutive to each other and consecutive to the 60 month sentence imposed by the Alabama district judge. This appears to explain why he remains in the custody of the Bureau of Prisons.

In his § 2241 petition, Mr. Orr argues that his conviction for being a felon in possession of a firearm cannot stand because of the U.S. Supreme Court's fairly-recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court first held that under 18 U.S.C. § 922(g), the government must prove not only that a defendant belonged to a group of persons prohibited from possessing a firearm, but also that the defendant *knew* he was a member of that group. *See id*. at 2195-96. Mr. Orr contends that because he did not know in 2010 that the government needed to prove he knew he was a felon, his guilty plea was not knowing and voluntary. As a result, he contends that his conviction should be vacated, or alternatively he should be allowed to withdraw his guilty plea and proceed to trial. In response, the government argues that Mr. Orr cannot raise his argument under 28 U.S.C. § 2241 and that, even if he could, he would not prevail because of evidence establishing that he knew he was a felon.

One threshold issue stands out: it is not clear whether a case or controversy remains. Mr. Orr has presumably completed his 60-month sentence for being a felon in possession given that he started serving that sentence around 2011 (not including any time Mr. Orr spent detained before trial for which he would receive credit). A prisoner's completion of his sentence does not necessarily moot his habeas petition because of the potential of collateral consequences. *See Spencer v. Kemna*, 523 U.S. 1 at 7 (1998). But neither side has discussed whether Mr. Orr has completed his Alabama sentence, or if that affects the case or controversy analysis.

However, the Court need not address that issue further because even if a case or controversy remains, Mr. Orr cannot proceed under 28 U.S.C. § 2241. The normal avenue available to a federal prisoner to collaterally attack his sentence is 28 U.S.C. § 2255. But the ability to obtain relief under § 2255 is limited: for instance, a motion must be brought within one year of either the conclusion of the direct appeal or certain other events such as a Supreme Court decision newly recognizing a right that applies retroactively, *see* 28 U.S.C. § 2255(f);[2] a prisoner may bring only one motion under § 2255 as of right, *see* § 2255(h); and a second or successive motion must be based on either newly discovered evidence or a Supreme Court case involving a new interpretation of the U.S. Constitution, *see* § 2255(h)(1), (2). If a prisoner cannot meet any of those requirements, he may be able to proceed under the "saving clause" of 28 U.S.C. § 2255(e), but only if he can show that § 2255 is "inadequate or ineffective to test the legality of his detention." *Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020).

Different circuits evaluate the "inadequate or ineffective" provision differently, and the question of which circuit's law governs the "inadequate or ineffective" inquiry—be it the circuit

---

[2] As noted earlier, nothing in the record indicates that Mr. Orr ever filed a motion under § 2255, and the parties do not discuss whether one filed with his sentencing court within one year of the decision in *Rehaif* would have been timely under § 2255(f)(3), or how failing to file one affects the "saving clause" analysis under § 2255(e). Because this Court ultimately determines that Mr. Orr's petition would fail even if he can proceed under the saving clause, the Court does not address the issue further.

in which the defendant was convicted or the circuit in which the defendant is housed—is unsettled. *See Chazen v. Marske*, 938 F.3d 851, 865 (7th Cir. 2019) ("Today's opinion avoids resolving the choice-of-law problem . . .") (J. Barrett, concurring). But the Court need not resolve choice-of-law issue because even if Mr. Orr could proceed with his § 2241 petition under the saving clause of § 2255(e), his petition would still fail. Although arising in the plain error context, to establish a plea was involuntary because of *Rehaif*, a defendant must show a "reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*." *United States v. Williams*, 946 F.3d 968, 971-72 (7th Cir. 2020); *see also United States v. Price*, 828 Fed. Appx. 573, 577-78 (11th Cir. 2020) (defendant must establish that had he known of *Rehaif* he would not have pleaded guilty). Mr. Orr *does* seek to invalidate his plea and proceed to trial as an alternative to vacating his conviction, but he does so while arguing that "there is no evidence in the record or out of the record by which the government can prove" that he knew he was a felon. Petition [1] at 6. Mr. Orr is incorrect. His PSR sets out his criminal background, which includes a conviction for receiving stolen property for which he was initially sentenced to 7 years' incarceration. PSR [18] at 14-15. That sentence was suspended while he completed 180 days boot camp and 5 years' probation, but after his probation was revoked he served about 14 months' incarceration from February 15, 2007, through April 21, 2008. *Id.* His PSR also reveals a conviction for obstruction of justice and bail jumping for which he was sentenced to 15 years' imprisonment, though it appears he served just a few months in jail before being released on probation, which ended when he committed the instant offense. *Id.* at 17. These two convictions, the sentences that were imposed, and the time he spent incarcerated "would severely hamper an assertion that he was ignorant of the fact that [his prior crimes were] punishable by more than a year of imprisonment." *United States v. Dowthard*, 948 F.3d 814, 818 (7th Cir. 2020) (a defendant who served more than a year in prison for a prior offense would face an uphill battle to show that a *Rehaif* error affected his substantial rights); *United States v. McLellan*, 958 F.3d 1110, 1119 (11th Cir. 2020) (finding it "inconceivable" that a felon sent to prison for 10 years for prior burglaries did not know he was a felon). Based upon his criminal history, it does not seem reasonably probable that had Mr. Orr known of *Rehaif*, he would have decided to go to trial, which would also have cost him the 3 level reduction to his total offense level he received for timely acceptance of responsibility by pleading guilty.

Finally, the Court addresses Mr. Orr's motion for counsel. Dkt. 20. He filed it before he filed his reply brief and before the case was reassigned to this Court. His one-page motion asks for counsel "so that counsel may adequately raise the aforementioned issues," referring to *Rehaif*. Counsel is provided in a habeas corpus proceeding when an evidentiary hearing is needed or if the interests of justice require. *See* Rule 8(c) of the Rules Governing § 2254 Cases; 18 U.S.C. § 3006A(a)(2)(B); *Martel v. Clair*, 565 U.S. 648, 659 (2012). The Court has reviewed the filings to date and Mr. Orr has appeared throughout to be able to address the relevant issues and express his position, and he has identified no medical or mental condition that would have impaired those abilities. In addition, after reviewing the filings the Court determined that it could rule on the petition without the need for an evidentiary hearing. Accordingly, his motion for counsel [20] is denied.

## CONCLUSION

For the reasons given, Mr. Orr's petition [1] is denied, as is his motion for counsel [20]. This civil case is terminated, and the clerk is directed to enter judgment.

Mr. Orr is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Mr. Orr need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

To the extent one is required, the Court declines to issue a certificate of appealability. *See* Rule 11 of the Rules Governing § 2254 Cases. Petitioner cannot show that reasonable jurists would debate, much less disagree, with this Court's resolution of his § 2241 petition. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2), and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Date: May 24, 2021          By: _____
                                Iain D. Johnston
                                United States District Judge